IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY B. MYERS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-00636-PX |
| McNAMEE, HOSEA, JERNIGAN, KIM, GREENAN, & LYNCH, P.A. | * | |
| Defendant. | * | |

***

**MEMORANDUM OPINION**

Pending before the Court in this bankruptcy appeal is Appellant Gregory B. Myers' motion for rehearing. ECF No. 8. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. Myers' motion for rehearing is denied.

**I.  Background**

In November 2015, Myers filed a bankruptcy petition that has given rise to scores of cases, almost all of which have made their way to this Court. The Court has addressed at length Myers' litigiousness in its Memorandum Opinion issued in the companion case, *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, 8:18-cv-03460-PX, ECF No. 27. (D. Md.). Suffice it to say here that over the past three years, Myers has filed approximately twenty actions, to include fifteen bankruptcy appeals and five civil cases, seemingly for the purpose of delaying the liquidation of his assets in his bankruptcy case. The overwhelming majority of these cases have been dismissed either by the Court or by Myers voluntarily after Myers failed to designate the record, file a brief, or pay his filing fees.

This case began as an adversary proceeding in the Bankruptcy Court. Myers brought claims of breach of fiduciary duty, "legal negligence," fraud and constructive fraud, and

negligent infliction of emotional distress against the law firm McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A ("McNamee") arising from its having represented Myers in the Bankruptcy Court.  *See Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, 17-00400, ECF No. 30 ¶¶ 16–56 (Bankr. D. Md.) [hereinafter *Adversary Proceeding*].  The Bankruptcy Court in the Adversary Proceeding dismissed two claims with prejudice and granted summary judgment in McNamee's favor on the remaining claims.  *Id.*, ECF No. 59.  Myers noticed this appeal on February 26, 2019.  *Id.*, ECF No. 68.

On March 11, 2019, Myers moved in the Bankruptcy Court to enlarge the time to designate the record for this appeal.  *Id.*, ECF No. 74.  Myers argued that because he had filed a Chapter 13 petition in the United States Bankruptcy Court for the District of Delaware, the appeal must be stayed pursuant to 11 U.S.C. § 362(a).  *Id.*  Myers asked the Bankruptcy Court to extend the time to designate the record to 14 days beyond the dissolution of the new Delaware bankruptcy petition.  *Id.* at 3.  The Bankruptcy Court generously granted Myers additional time to designate the record but did not find that the automatic stay provision in the Delaware Bankruptcy action indefinitely halted this appeal, making clear that Myers must designate the record by April 15, 2019.  *Id.*, ECF No. 79.

Myers did not heed the Bankruptcy Court's order.  Instead, on April 16, 2019, Myers filed a suggestion of bankruptcy in this case and asserted, just as he had before the Bankruptcy Court below, that the automatic stay triggered by the Delaware action provision prevented this appeal from going forward.  ECF No. 3.  In fact, the Delaware Bankruptcy Court had already lifted the automatic stay and dismissed its case as of March 28, 2019.  *See In re Myers*, No. 19-10392-BLS, ECF Nos. 24, 25 (Bankr. D. Del.).  But Myers argued, without any legitimate basis, that because he had moved to reconsider this order on April 11, 2019, the automatic stay was still

in place. ECF No. 3 at 2 n.1.

On May 9, 2019, McNamee moved to dismiss this appeal under Federal Rule of Bankruptcy 8009 on the grounds that Myers had failed to designate the record. ECF No. 4. Shortly thereafter, the Bankruptcy Court noted that Myers had not designated the record. ECF No. 5. On June 6, 2019, the Court ordered Myers to show cause why his appeal should not be dismissed for failure to designate the record. ECF No. 6. In no uncertain terms, the Court informed Myers that he was "ORDERED that [he] show good cause within 14 days (June 20, 2019) why this appeal should not be dismissed." *Id.* at 2.

For **four months**, Myers made no effort to respond to the Court's Order or designate the record. Consequently, on October 7, 2019, this Court granted McNamee's motion and dismissed the appeal. ECF No. 7. Myers now moves for a rehearing pursuant to Federal Rule of Bankruptcy 8022. ECF No. 8. Myers asks the Court to vacate its Order dismissing the appeal.

## II.     Standard of Review

A motion for rehearing under Bankruptcy Rule 8022 must state with particularity each point of law or fact that the movant believes the district court has overlooked or misapprehended. Fed. R. Bank. P. 8022(a)(2). Although the Rule does not specify a standard of review, the Court employs the same standard as for a motion to alter or amend the judgment brought pursuant to Federal Rule of Civil Procedure 59(e). *See Maines v. Wilmington Sav. Fund Soc'y*, No. 3:15CV00056, 2016 WL 6462141, at *1–2 (W.D. Va. Oct. 31, 2016) ("Petitions for rehearing function to ensure that the court properly considered all relevant information in reaching its decision; they should not be used to simply reargue the plaintiff's case or assert new grounds." (internal quotation marks and citations omitted)); *In re Envtl. Techs. Int'l, Inc.*, No. 8:15-AP-786-KRM, 2017 WL 3124246, at *1 (M.D. Fla. July 21, 2017) (applying Rule 59(e)

3

standard to motion under Bankruptcy Rule 8022); *Am. First Fed., Inc. v. Theodore*, 584 B.R. 627, 632–33 (D. Vt. 2018); *Ocwen Loan Servicing, LLC for Deutsche Bank Nat'l Tr. Co. v. Randolph*, No. BR 15-10886, 2018 WL 2220843, at *2 (W.D. Pa. May 15, 2018).

Accordingly, the motion may be granted on three limited grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). The motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id*. (quoting Wright *et al.*, *supra*, § 2810.1, at 124).

Because Myers proceeds pro se, the Court construes his pleadings liberally to ensure that potentially meritorious claims survive challenge. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, the Court cannot ignore a pro se plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985))).

**III. Analysis**

Myers maintains that reconsideration is proper to correct a clear error of law or prevent

manifest injustice. *Westinghouse Savannah River Co.*, 305 F.3d at 290. More particularly Myers argues that (1) designation of the record was unnecessary because the Bankruptcy Court had already transmitted it; (2) the Bankruptcy Court's Order extending the time to designate the record was void because it violated the Delaware Bankruptcy Court's automatic stay and (3) this Court's June 6, 2019 show cause Order was also void because it violated an automatic stay triggered by another bankruptcy filed in the Maryland Bankruptcy Court. Myers also fronts a number of claims related to the merits of his appeal.

As an initial matter, Myers could have easily made these arguments during the pendency of the Appeal. The Court gave Myers 14 days to show cause why this case should not be dismissed, and Myers ignored that order. Myers is not entitled to the extraordinary remedy of reconsideration when he merely seeks "to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403.

But even if the Court were to consider Myers' arguments, they are unavailing. First, and most obviously, the Bankruptcy Court's transmittal does not discharge Myers' responsibility to designate a record. Rule 8009 requires that an appellant *must*, within 14 days of noticing an appeal, "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." When the record is complete, the Bankruptcy Clerk then "transmit[s] to the clerk of the court where the appeal is pending either the record or a notice that the record is available electronically." Fed. R. Bankr. P. 8010(b)(1). Because Myers' selected no materials at all, the bankruptcy clerk's "transmittal" included only a printout of the docket and a note advising that "No Designation [was] Filed." ECF No. 5. Myers undoubtedly knows he failed to properly designate the record as this Court

has dismissed many of Myers' past bankruptcy appeals for failure to comply with this Rule. Myers does not get to rewrite the rules to serve his own personal timeline or agenda.

Second, Myers is incorrect that the automatic stay obviated his obligation to designate the record or respond to the Court's show cause Order. The bankruptcy code's automatic stay provision "operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a). Thus, "[a]mong other things, the stay bars commencement or continuation of lawsuits to recover from the debtor, enforcement of liens or judgments against the debtor, and exercise of control over the debtor's property." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. \_\_\_\_ (2020). However, as the Court has discussed in case No. 8:18-cv-3460, the stay only applies to claims "*against the debtor* that arose prior to the filing of its petition." *Grady v. A.H. Robins Co.*, 839 F.2d 198, 200 (4th Cir. 1988) (emphasis added); *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 126 (4th Cir. 1983) ("[T]he plain wording of the statute . . . provides for an automatic stay of any judicial proceeding 'against the debtor.' . . . That insulation, however, belongs exclusively to the 'debtor' in bankruptcy." (quoting § 362(a)(1)). Myers brought the adversary proceeding that gave rise to this appeal, and thus, the automatic stay does not apply.

But even the automatic stay provision *did* reach this case, it does not relieve Myers of his responsibility to respond to the Court's show cause Order. "The automatic stay gives debtors the breathing room needed to organize their affairs and otherwise maintain the status quo as to the relationship between the debtor, creditors, and other parties-in-interest." *In re Connecticut Pizza, Inc.*, 193 B.R. 217, 228 (Bankr. D. Md. 1996). The automatic stay, if applicable, "does not bar orders to show cause or findings of contempt when necessary to uphold the dignity of a court order. Were this not so, a party could blatantly violate direct orders of a court and then seek

6

shelter from a bankruptcy judge. In essence, the bankruptcy process cannot be invoked to immunize contumacious behavior." *CaptialSource Fin., LLC v. Delco Oil, Inc.*, No. DKC 06-2706, 2010 WL 3733934, *7 (D. Md. Sept. 10, 2010) (quoting *Am. Online, Inc. v. CD Prods., Inc.*, 272 B.R. 879, 881 (E.D. Va. 2002) (citation and internal quotation marks omitted)); *see also S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10, 15 (D.D.C. 2001) (allowing civil contempt proceedings to proceed notwithstanding automatic stay due to the "Court's inherent power to enforce its own orders").

This Court ordered Myers to show cause within 14 days why this case should not be dismissed due to his failure to designate the record. Not only did not Myers fail to show good cause to avoid dismissal—he did not even deign to respond for four months. Although Myers now wishes to hide behind the automatic stay provision, nothing about Myers's status as a debtor explains his decision to flout this Court's Order. Indeed, Myers has found the time and resources to file myriad actions over the past three years.

This behavior has become a longstanding pattern for Myers. In his twenty cases, Myers initiates the action, then exhibits a dereliction in prosecution that reflects no real interest in resolution on the merits. The Court cannot help but conclude that Myers' true goal is to gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit. Taking all of this into account, the Court finds that Myers' behavior has reached the point where the Court could hold Myers in contempt of valid court orders and dismiss the action irrespective of the automatic stay. *See In re Walters*, 868 F.2d 665, 669 & n.2 (4th Cir. 1989) (explaining that 11 U.S.C. § 105(a) allows courts to exercise civil contempt powers sua sponte when "necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of process"); *cf. CaptialSource Fin., LLC*, 2010 WL 3733934, at *7; *Bilzerian*, 131 F. Supp. 2d at

15. At this juncture, Myers is on notice that further similar conduct may result in the initiation of contempt proceedings against him.

   **IV.     Conclusion**

   For the foregoing reasons, Myers' motion for rehearing is denied. A separate Order follows.

| | |
|---|---|
| 2/13/2020 | /s/ |
| Date | Paula Xinis |
| | United States District Judge |